T.C. Summary Opinion 2009-78

UNITED STATES TAX COURT

ANGELA BIBB-MERRITT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13208-07S.                    Filed May 18, 2009.

Angela Bibb-Merritt, pro se.

Brooke S. Laurie, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,487 in petitioner's 2005 Federal income tax.

The issues for decision are: (1) Whether petitioner is entitled to exclude from income some or all of her credit card debt that was discharged in 2005; and (2) whether petitioner is entitled to a deduction for payments to a debt negotiation service.

Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioner lived in California when she filed the petition.

Petitioner worked full time as a letter carrier for the U.S. Postal Service. Petitioner started a business in 1996. Petitioner purchased Afrocentric dolls, doll stands, doll clothing, and doll jewelry to sell. Her business failed sometime before 2005, the year in issue.

Petitioner accumulated over $112,000 in credit card debt. She incurred some of the debt for the purchase of inventory and other business expenses. She incurred most of the debt between 1999 and 2001.

Petitioner hired Freedom Debt Relief (FDR) to assist her in negotiating with her creditors. In 2005 FDR arranged for some of

petitioner's creditors to accept reduced payments and cancel some of petitioner's debt.

Petitioner timely filed her 2005 Form 1040, U.S. Individual Income Tax Return, reporting $10,888 in discharge of indebtedness income (sometimes hereafter referred to as DOI) and claiming two related deductions:  (1) $10,888 representing the exclusion of the DOI from income on the basis of insolvency and (2) $9,617 as an amount paid to FDR to negotiate with her creditors.  The entries for these deductions on petitioner's Schedule A, Itemized Deductions, include "See Statement", but the copy of petitioner's return in the record does not include these statements.[2] Petitioner's 2005 return also includes a Schedule C, Profit or Loss From Business, but this schedule reports only zeros; i.e., it does not report any business income or any business expenses for 2005.

The Internal Revenue Service (IRS) issued a notice of deficiency disallowing both DOI-related deductions listed above.

Petitioner filed a timely petition and testified at trial.

_____

[2] Upon an initial review of the record, the Court observed that the facts relating to petitioner's claim of insolvency were quite limited.  In an attempt to afford petitioner every opportunity to provide a complete record on this issue, the Court directed the parties to confer for the purpose of supplementing the record.  Petitioner was unresponsive to invitations from the Court, her own representative, and respondent's counsel to present additional information.  Given the Court's extraordinary efforts to encourage petitioner to make a complete factual record and petitioner's lack of response, the Court has no choice but to consider this matter on the existing incomplete record.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with its requirements. Petitioner therefore bears the burden of proof.

### 1. Discharge of Indebtedness Exclusion

Gross income is broadly defined and includes income from a discharge of indebtedness. Sec. 61(a)(12). However, section 108(a)(1)(B) allows a taxpayer to exclude DOI from income if a debt cancellation occurs when the taxpayer is insolvent. A taxpayer's "indebtedness" is defined as debt for which the taxpayer is liable. Sec. 108(d)(1)(A). The insolvency exclusion is limited to the amount of the taxpayer's insolvency. Sec. 108(a)(3). Finally, "insolvency" is defined as the excess of the taxpayer's liabilities over the fair market value of the taxpayer's assets and is determined immediately before the discharge. Sec. 108(d)(3); Merkel v. Commissioner, 109 T.C. 463, 472-473 (1997), affd. 192 F.3d 844 (9th Cir. 1999); Miller v. , Commissioner, T.C. Memo. 2006-125.

To document her liabilities and cancellation of indebtedness, petitioner introduced: (1) A handwritten summary of her credit card debts as of the end of 2005, totaling $112,420.47; (2) an undated summary from FDR of the debt accounts it was working,[3] listing a total of $133,931.53 in debts, with some identified as "settled" and several of those identified by petitioner's handwritten notes as having been settled in 2005; and (3) copies of four e-mail messages documenting debt forgiveness negotiated by FDR in 2005.[4]

Petitioner testified that she was insolvent in 2005 when these debts were canceled. The Court advised petitioner that consideration of whether she was insolvent required a review of her assets and liabilities at the time of the discharge. Petitioner provided some information about her debts in 2005, as described above, but she did not introduce documentary evidence or testimony sufficient to determine the fair market value of her assets.

The record does not demonstrate that petitioner was insolvent before the debt cancellation. Thus, petitioner failed to prove that she was insolvent at the time the debt was

---

[3] Although the document is undated, the last entry on this summary appears to be dated August 2006.

[4] The total discharge of indebtedness indicated by these e-mails is $8,294.62. However, the parties do not dispute that petitioner received $10,888 in debt cancellation in 2005.

canceled.  As a result, petitioner may not exclude the income from discharge of indebtedness.  Sec. 108(d)(3).

2.  Payments to FDR

Petitioner testified that FDR required her to establish a separate bank account and to deposit funds into that account. She explained that FDR withdrew its fees and expenses from that account, together with payments of negotiated amounts to petitioner's creditors.  Petitioner did not provide a copy of an agreement with FDR, indicate the exact nature of the claimed payments to FDR, or introduce any evidence to support her claim that she paid FDR $9,617 in 2005 to obtain $10,888 in debt cancellation.[5]

Petitioner failed to establish that the claimed expenditure of $9,617 is properly deductible, nor did she establish that the amount was actually paid.[6]  Respondent's determination is sustained.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

---

[5] As noted, petitioner's 2005 Schedule A references a statement on line 22 where she claimed the $9,617 as "Other expenses".  However, the record does not include any statement that itemizes or describes that deduction of those payments.

[6] While the rule of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), permits the Court to estimate the deductible amount of a taxpayer's expense if she is unable to substantiate the precise amount, we can make such an estimate only if the taxpayer provides some reasonable evidentiary basis for estimating the expenses.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

We have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect our disposition of the issues,

<u>Decision will be entered for respondent</u>.